# In the United States Court of Federal Claims

No. 24-488
(Filed: October 29, 2024)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *
                                 *
SHARON HAGSTROM,                 *
                                 *
                Plaintiff,       *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

*Sharon Hagstrom, pro se*, of Crosby, TX.

*Michael D. Austin*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was *L. Misha Preheim*, Assistant Director, Commercial Litigation Branch, Civil Division, both of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Sharon Hagstrom filed suit alleging misconduct by agents of the Federal Bureau of Investigation ("FBI"). As discussed below, the Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") is granted.

## BACKGROUND

In her complaint, Plaintiff alleges that she has been stalked for over thirty years by public figures, such as Jeffrey Epstein, President Donald Trump, and members of the British royal family. *See* ECF No. 1 at 2–3. Specifically, she claims that she has been the victim of attempted murder and rape and that she has been "assaulted, terrorized, and bullie[d] by these people constantly." *Id.* at 2. In turn, she asserts that the FBI has failed to protect her from, and even covered up, third parties' wrongdoing by bugging her phone and stalking her. *Id.* Plaintiff seeks $100 million in compensatory damages for the harms alleged. *Id.* at 5.

On May 29, 2024, the government filed a motion to dismiss Plaintiff's complaint pursuant to RCFC 12(b)(1), on the basis that Plaintiff's claims are "at best allegations of criminal wrongdoing or tort-based claims which do not fall within this Court's limited jurisdiction." ECF No. 8 at 1. Plaintiff responded on June 26, 2024, asserting that "[t]his is a non[-]contractual claim that I am suing for." ECF No. 9 at 1. Instead, Plaintiff states that her claims generally are "based on the U.S. Constitution." *Id.* at 2.

## DISCUSSION

**A.   Legal Standard**

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. This Court may, under the Tucker Act, "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Instead, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. In other words, a plaintiff's claim must be based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

"It is not unusual for non-lawyers representing themselves . . . to misunderstand the nature of our court's jurisdiction." *Hawkins v. United* States, No. 19-1672C, 2021 WL 4480876, at *5 (Fed. Cl. Sept. 30, 2021). Although a *pro se* plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). As such, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**B.   Analysis**

Plaintiff fails to state a valid basis for this Court's jurisdiction over her claims. Although Plaintiff argues that her claims arise under the Constitution broadly, she offers no specific constitutional or statutory basis that creates a substantive right that is enforceable against the United States or that affords this Court the necessary jurisdiction to consider her case. *See Sepehry-Fard v. United States*, No. 2020-1100, 2020 WL 6375161 at *2 (Fed. Cir. July 23, 2020) (affirming a dismissal for lack of jurisdiction on the basis that allegations of government agents' breaches of the Constitution generally did not amount to an express or implied contract).

Plaintiff's allegations seem to stem from supposed negligence by FBI agents for failing to protect her from criminal and tortious acts by third parties. *See* ECF No. 1 at 2. Any pain and suffering or emotional distress that Plaintiff claims resulted from FBI agents' negligence sounds in tort. Congress has expressly excluded from this Court's Tucker Act jurisdiction cases "sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). As such, this Court's jurisdictional mandate forecloses Plaintiff's claims of negligence by members of the FBI.

Plaintiff further alleges that she is the victim of criminal acts committed by both government and nongovernmental actors. *See* ECF No. 1 at 2–3. To the extent that her complaint can be construed as giving rise to claims against private actors, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Moreover, any criminal acts alleged by Plaintiff—including attempted murder, rape, assault, and stalking—are also beyond the Court's jurisdictional reach. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (underscoring the Court's "specific civil jurisdiction"); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("As a threshold matter, the [Court of Federal Claims] correctly stated that it has no jurisdiction over criminal matters generally." (citing 28 U.S.C. § 1491)). On these bases, the Court may not exercise jurisdiction over Plaintiff's claims of criminal activity and her claims against parties other than the United States.

Even as a *pro se* litigant who benefits from a less stringent pleading standard than that afforded to litigants represented by attorneys, Plaintiff fails to meet her burden to establish the Court's jurisdiction over her claims.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge